UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CESAR MONTIEL PEREZ,<br><br>                                  Debtor.<br><br>MAURICE GRAYTON,<br><br>                                 Appellant,<br>v.<br>UNITED STATES TRUSTEE<br>                                 Appellee. | Case No.: 20-CV-2152 JLS (AHG)<br><br>**ORDER GRANTING MOTION TO DISMISS APPEAL**<br><br>(ECF No. 4) |

Presently before the Court is Appellee United States Trustee Tiffany Carroll's Motion to Dismiss Appeal ("Mot.," ECF No. 4). Appellant Maurice Grayton ("Appellant" or "Mr. Grayton"), proceeding *pro se*, filed an Opposition to the Motion ("Opp'n," ECF No. 9), and Appellee filed a Reply in support of the Motion ("Reply," ECF No. 10). The Court decides this matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See generally* ECF No. 7. Having carefully reviewed the Parties' arguments and the relevant law, the Court **GRANTS** Appellee's Motion to Dismiss.

///

On January 3, 2020, the United States Trustee initiated an adversary proceeding against Mr. Grayton in the United States Bankruptcy Court for the Southern District of California. Mot. at 3; *see generally United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr. S.D. Cal.). The complaint alleges that Mr. Grayton "engaged in unfair, deceptive, or fraudulent conduct and has violated various sub-sections of 11 U.S.C. § 110." Mot. at 4. "The complaint asserts that Mr. Grayton, who is not an attorney, has acted as a bankruptcy petition preparer in connection with a case filed in the Bankruptcy Court for the Southern District of California." *Id.* Mr. Grayton filed an answer alleging that he had acted under duress. *Id.* Mr. Grayton also invoked his Fifth and Fourteenth Amendment rights and demanded a jury trial. *Id.* After his motion for summary judgment was denied, Mr. Grayton filed a motion in limine asserting issues of jurisdiction and timeliness. *Id.* at 6–7.

On October 14, 2020, the bankruptcy court entered an order denying Mr. Grayton's motion in limine. *See id.* at 7; *see also United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr. S.D. Cal.), ("Order," ECF No. 72).[1] In denying Mr. Grayton's motion, the court noted that "[a]lthough the title of the Motion indicates it is a motion in limine regarding the court's jurisdiction, [Mr.] Grayton mostly argues the merits of the [United States Trustee]'s claims." Order at 1. The court found the motion in limine was "premature and lack[ing] specificity." *Id.* at 2.

On November 2, 2020, Mr. Grayton filed a notice of appeal based on the bankruptcy court's denial of his motion in limine. *See generally* "Notice of Appeal," ECF No. 1 at 1. This action is one of four appeals[2] filed by Appellant in this District related to the underlying bankruptcy action, which is still pending before the bankruptcy court. *See generally* Docket of *United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr.

---

[1] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[2] *See* case nos. 3:20-cv-01616, 3:20-cv-02433, and 3:21-cv-00083.

S.D. Cal.). On December 1, 2020, Appellee filed the present Motion to Dismiss Appeal for lack of jurisdiction, alleging Appellant's appeal was untimely under 28 U.S.C. § 158(c)(2) and Fed. R. Bankr. P. 8002. Mot. at 1–2.

An appellate court considers the issue of its own jurisdiction de novo. *In re Gugliuzza*, 852 F.3d 884, 889 (9th Cir. 2017) (citing *In re Bunyan*, 354 F.3d 1149, 1152 (9th Cir. 2004); *In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003)). On appeal, the appellant "has the burden of establishing that jurisdiction exists." *Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). The deadline to file an appeal is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978) (internal quotation marks and citation omitted); *see also Melendres*, 815 F.3d at 649 ("[W]e are not at liberty to overlook a defect with the notice of appeal no matter how compelling an appellant's argument may be."). This rule also applies to federal bankruptcy appeals. *In re Mouradick*, 13 F.3d 326, 327–28 (9th Cir. 1994) ("[T]he untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.").

A party to a bankruptcy proceeding has fourteen days to appeal a bankruptcy judge's order. *See* 28 U.S.C. § 158(c)(2) (an appeal shall be taken within the time provided by Fed. R. Bankr. P. 8002); Fed. R. Bankr. P. 8002(a)(1) (notice of appeal must be filed within fourteen days after entry of the order being appealed). Additionally, Rule 8002 provides that a "bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (2) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1).

Appellant's notice of appeal is untimely. The bankruptcy court entered its Order on Appellant's motion in limine on October 14, 2020, and Appellant filed his notice of appeal 19 days later on November 2, 2020. To be timely, Appellant's notice of appeal needed to be filed on October 28, 2020 or earlier. Although Appellant does not address Appellee's arguments regarding the timeliness of his appeal, *see generally* Opp'n, Appellant's *pro se*

status, in and of itself, does not excuse the late filing of his notice of appeal. *In re Sattler*, 840 F. App'x 214, 215 (9th Cir. 2021) ("[The appellant]'s pro se status at certain stages of the proceedings is not by itself an extraordinary circumstance, and [the appellant] offered no evidence that anything about his pro se status prevented him from timely prosecuting appeals."). Appellant had until November 18, 2020 (*i.e.*, 21 days after the deadline to appeal), to ask the bankruptcy court to extend the time to file an appeal, but Mr. Grayton did not take that action either. Therefore, this Court does not have appellate jurisdiction to review the Order. *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994) ("[T]he untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." (citations omitted)).

Accordingly, the Court finds Appellant's appeal of the bankruptcy court's order denying his motion in limine is time barred. Appellee's motion to dismiss the appeal for lack of jurisdiction is **GRANTED**. The Court **DISMISSES** the appeal for lack of jurisdiction. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED**.

Dated: April 27, 2021

Hon. Janis L. Sammartino
United States District Judge